No. 2974

Second Circuit

DANCIGER v. REID

(May 13, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Fraud—Par. 10; Evidence—Par. 53.**
The burden of proof is on the plaintiff alleging fraud in a damage suit to establish that fraud and deceit.

2. **Louisiana Digest—Fraud—Par.. 5, 10.**
Where the proof clearly shows that the plaintiff did not show that he was de-

frauded or misled by a mineral lease contract with the defendant by reason of the fact that another lease was on record at the time lease was made, the defendant is not liable in damages.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Joseph Danciger against Shelly Wills Reid, et als.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed reserving plaintiff's right to bring an action in warranty.

J. W. Elder, of Farmerville, attorney for plaintiff, appellant.

S. L. Digby, of Farmerville, attorney for defendants, appellees.

ODOM, J. On February 29, 1924, Lewis W. Reid granted a mineral lease in favor of plaintiff on 160 acres of land owned by him in Union parish, Louisiana, the consideration stipulated in the act being $800.00 cash, and at the same time, by separate act, he sold to J. J. Meyers, agent of plaintiff, one-half of the gas, oil and other minerals in and under the same property for $1000.00 cash. Meyers subsequently transferred his rights under this act of sale to plaintiff.

While these two acts recite that the consideration was paid in cash at the time of the lease and sale, yet it is admitted that nothing was paid to Reid at that time.

Plaintiff contends, and there is nothing shown to the contrary, that it was understood that he should have thirty days in which to examine the title to the land.

The lease contract and the deed were delivered to Meyers, plaintiff's agent, who kept them until March 28 following, when they were formally accepted by Meyers for his principal, and the acts were both placed on record on that date.

However, plaintiff failed to pay Reid the consideration stipulated in the acts.

On March 26, 1924, subsequent to the date on which these acts were passed and while plaintiff's agent, Meyers, had possession of them and was deliberating apparently whether he would accept them, and before Lewis W. Reid, the owner of the land, had been notified of their acceptance, said Reid granted another mineral lease on 120 acres of the land to W. C. Feazel, who recorded his lease on March 26—two days prior to the date on which plaintiff's lease was recorded.

On April 21 following Meyers and Fred A. Green, both of whom, it seems, represented plaintiff, went to the home of Reid, taking with them a notary public. They found Reid, who was a very old colored man, in bed sick. They were at first denied an interview with Reid by his wife, who locked the door, on the ground that he was too feeble in body and mind to attend to business. But Reid finally prevailed on his wife to let them into his room. Just what transpired at that meeting is disclosed in a notarial act signed by Reid in which he declared and acknowledged that whereas he did, on March 29, lease to plaintiff 160 acres of land and said one-half of the mineral rights in the same land, while in fact he owned the minerals under only 120 acres.

A compromise agreement was reached between the parties and Meyers and Green,

representing plaintiff, then and there paid Reid the sum of $1050.00 in cash, the notarial act reciting in full payment for said oil and gas lease covering and affecting said hereinabove first described lands * * * and/ in full payment of said one-half of said oil and gas deed and said other minerals under said hereinbefore first described lands.

The "first hereinabove described lands" refers to the 160 acres included in the lease and sale.

The lease contract and the sale of the minerals entered into on March 29 was, therefore, not finally closed until April 21. That point is apparently conceded by counsel for plaintiff.

As already observed, Reid had on March 26 leased to Feazel who had recorded his contract.

Reid died on May 17 following, leaving these defendants as his widow and heirs, against whom this suit is prosecuted.

Plaintiff, in his petition, sets up substantially the above facts, and alleges that, on March 26, 1924—

"the said L. W. Reid fraudulently sold to W. C. Feazel an oil and gas lease" on said land, and that on April 21, 1924—

"as a compromise petitioner agreed to and did pay then and there, as acknowledged by the said L. W. Reid, the sum of one thousand and fifty dollars for a one-half interest in and to the mineral rights and an oil and gas lease covering the S½ of SW¼ and NE¼ of SW¼, Section 12, Twp. 20 N., R. 3 East.

"That at the time of making this payment petitioner was not aware that on March 26, prior thereto, that the said Reid had sold to W. C. Feazel an oil and gas lease on the said 120 acres of land and that the said lease was recorded prior to his own, and that this fact was concealed from him by the said Reid.

"That during the summer of 1924 petitioner could have sold the said lease for a profit of ten dollars per acre and that by reason of the fraudulent action of the said Reid he was unable to deliver title thereto, and that the said fraudulent action of the said Reid damaged petitioner, in addition to the five hundred and fifty dollars, in the sum of twelve hundred dollars, and for which he is entitled to recover judgment."

This is therefore a suit to recover damages based upon an alleged tort, plaintiff claiming that he has been damaged by the alleged fraudulent, deceitful conduct of Reid in selling to him said lease and mineral rights when he had already granted a lease to another party.

This being a damage suit grounded upon fraud but for which plaintiff would have suffered no loss, it follows necessarily that the burden was upon plaintiff to establish fraud and deceit on Reid's part and that without such proof plaintiff's action must fall.

Plaintiff has utterly failed in his proof.

Admittedly the transaction between Reid and plaintiff was finally closed on April 21; but Meyers and Green, plaintiff's authorized agents, admitted on the witness stand that on April 21, when the deal was finally closed and the $1050.00 paid to Reid, they knew that Reid had on May 26 leased the property to Feazel and that his contract was duly recorded.

There is not one syllable of testimony in the record showing that plaintiff was misled or deceived by Reid. The fact that Reid had leased to Feazel was not men--

tioned between the parties on April 21. Indeed; there was no reason why it should have been mentioned, because Meyers and Green were both aware of that fact.

Meyers, as a witness, stated that the reason he finally accepted the lease and paid the consideration on April 21 was that he had been advised by his attorney that the contract which he had taken on February 29 and recorded on March 28 would rank Feazel's lease by reason of the fact that it bore an anterior date. There was therefore no fraud or deception. Plaintiff's agents acted with full knowledge of all the facts.

It seems to be conceded on both sides that plaintiff's title to the mineral rights which he purchased from Reid is good. As that point is not before us, we pass it without comment. The burden of plaintiff's complaint in this suit is that Reid fraudulently sold him a mineral lease on land which he had previously leased to another and thereby caused him loss and damage.

If plaintiff had brought suit to recover the price paid for the lease under Reid's warranty of the title, another question entirely would have been presented. Whether plaintiff can recover on that ground or not, under the circumstances disclosed, is a question not before us, and we pass it also without comment, or the expression of an opinion. We think, however, we should reserve his rights to bring such an action if he sees fit to do so.

The judgment of the District Court, which rejected plaintiff's demands, is affirmed, reserving, however, his right to bring an action in warranty. Costs to be paid by plaintiff.